IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,322-02






EX PARTE KENDRICK MATHIS, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER W98-43906-N(A) IN THE 195TH

DISTRICT COURT DALLAS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant states that he pled guilty to murder and was sentenced to a term of twenty
years in prison. He also states there was no direct appeal.

 Applicant previously requested mandamus relief, alleging that his writ application was
not being timely forwarded to this Court. The request was held in abeyance while the district
clerk was ordered to respond, and the district clerk, in response, forwarded Applicant's writ
application to this Court. Contained in the record provided with the application was a timely
filed order designating issues, dated July 11, 2005, which appointed Fred C. McDaniel to
resolve the issues and prepare findings of fact and conclusions of law for the court. No
affidavits or findings are included in the record, however.

 This Court agrees with the trial court's assessment that controverted, previously
unresolved facts material to the legality of Applicant's confinement exist. Thus, it is this
Court's opinion that additional information is needed before this Court may render a decision. 
Because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex.
Crim. App. 1960), though, the trial court is the appropriate forum. 

 Therefore, the trial court shall resolve the issues presented in this application for a writ
of habeas corpus as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order an affidavit from trial counsel. The affidavit shall address
Applicant's claims of ineffective assistance, conflict of interest, and involuntary plea. 
Alternatively, the trial court may order depositions, interrogatories, or hold a hearing. In the
appropriate case, the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's application for habeas corpus. Further, because this Court does not hear
evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ
of habeas corpus will be held in abeyance pending the trial court's compliance with this
order. 

 Resolution of the issues shall be accomplished by the trial court within 90 days of the
date of this order. (1) A supplemental transcript containing all affidavits and interrogatories or
the transcription of the court reporter's notes from any hearing or deposition along with the
trial court's findings of fact and conclusions of law shall be returned to this Court within 120
days of the date of this order. (2)




DELIVERED: MARCH 29, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.